# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA WILDLIFE ALLIANCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEBRA HAALAND, Secretary of the Interior, *et al.*, <br><br> Defendants, <br><br> and <br><br> SAFARI CLUB INTERNATIONAL, *et al.*, <br><br> Intervenor-Defendants. | Case No. 3:20-cv-00209-SLG |

## ORDER RE MOTION TO REMAND

Before the Court at Docket 64 is Defendants'[1] *Motion for Voluntary Remand Without Vacatur*. Plaintiffs[2] responded in opposition at Docket 71, Intervenor-Defendants[3] responded in support at Docket 72, and Defendants replied at Docket

---

[1] Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior; George Wallace, in his official capacity as Assistant Secretary for Fish and Wildlife and Parks; U.S. Department of the Interior; and National Park Service.

[2] Alaska Wildlife Alliance, Alaska Wilderness League, Alaskans for Wildlife, Center for Biological Diversity, Coalition to Protect America's National Parks, Copper Country Alliance, Defenders of Wildlife, Denali Citizens Council, The Humane Society of the United States, National Parks Conservation Association, Northern Alaska Environmental Center, Sierra Club, and Wilderness Watch.

[3] Safari Club International, Alaska Professional Hunters Association, and Sportsmen's Alliance

74. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

The factual background of this case has been set forth in more detail in the Court's March 15, 2022 order at Docket 61. As relevant here, Plaintiffs challenge a 2020 National Park Service ("NPS") rule permitting certain sport hunting practices in national preserves in Alaska that were formerly prohibited under a 2015 NPS rule.[4] Approximately two months after Plaintiffs filed their opening brief on December 16, 2021,[5] the Assistant Secretary for Fish and Wildlife and Parks directed NPS "to reassess the factual, legal, and policy conclusions that underlie the 2020 rule and to transmit, by June 1, 2022, a proposed rule to the Office of Management and Budget (OMB) for publication."[6] Defendants then sought a stay of these proceedings until June 15, 2022,[7] but this Court denied the requested stay due to Defendants' uncertain timeline for revising the rule and the potential for

---

Foundation.

[4] Docket 1 (Compl.); *see also* Alaska; Hunting and Trapping in National Preserves, 85 Fed. Reg. 35,181 (June 9, 2020) (codified at 36 C.F.R. pt. 13); Alaska; Hunting and Trapping in National Preserves, 80 Fed Reg. 64,325 (Oct. 23, 2015) (previously codified at 36 C.F.R. pt. 13).

[5] Docket 47.

[6] Docket 64-2 at 2 (Memorandum from Assistant Sec'y for Fish & Wildlife & Parks to Dir., Nat'l Park Serv. (Feb. 17, 2022)).

[7] Docket 50 at 5.

Case No. 3:20-cv-00209-SLG, *Alaska Wildlife Alliance, et al. v. Haaland, et al.*
Order re: Motion to Remand
Page 2 of 9
Case 3:20-cv-00209-SLG   Document 80   Filed 05/17/22   Page 2 of 9

prejudice to Plaintiffs.[8]  Defendants now ask that the Court remand the challenged rule to NPS without vacatur.[9]

## LEGAL STANDARD

"[A] voluntary remand request made in response to a party's APA challenge may be granted only when the agency intends to take further action with respect to the original agency decision on review."[10]  An agency need not "confess error or impropriety in order to obtain a voluntary remand" but "ordinarily does at least need to profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge."[11]  When, as here, an agency "request[s] a remand (without confessing error) in order to reconsider its previous position. . . . , the reviewing court has discretion over whether to remand."[12] "Generally, courts only refuse voluntarily requested remand when the agency's request is frivolous or made in bad faith."[13]  Additionally, some courts "consider whether remand would unduly prejudice the non-moving party."[14]  "Nevertheless,

---

[8] *See* Docket 61 at 11–14.

[9] Docket 64.

[10] *Limnia, Inc. v. U.S. Dep't of Energy*, 857 F.3d 379, 386 (D.C. Cir. 2017) (emphasis omitted); *see also Cal. Cmtys. Against Toxics v. EPA*, 688 F.3d 989, 992 (9th Cir. 2012).

[11] *Limnia*, 857 F.3d at 387.

[12] *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).

[13] *Cal. Cmtys. Against Toxics*, 688 F.3d at 992 (citing *SKF USA*, 254 F.3d at 1029).

[14] *Util. Solid Waste Activities Grp. v. Env't Prot. Agency*, 901 F.3d 414, 436 (D.C. Cir. 2018).

Case No. 3:20-cv-00209-SLG, *Alaska Wildlife Alliance, et al. v. Haaland, et al.*
Order re: Motion to Remand
Page 3 of 9
Case 3:20-cv-00209-SLG   Document 80   Filed 05/17/22   Page 3 of 9

if the agency's concern is substantial and legitimate, a remand is usually appropriate."[15]

In cases where the district court has already determined that the disputed agency action was invalid, the Ninth Circuit has stated that remand without vacatur should be ordered only in "limited circumstances" where "equity demands" doing so.[16] When determining whether to leave an invalid rule in place, the Ninth Circuit employs the D.C. Circuit's two-part *Allied-Signal* test, which "weigh[s] the seriousness of the agency's errors against 'the disruptive consequences of an interim change that may itself be changed.'"[17] However, the Ninth Circuit has not addressed whether remand without vacatur is appropriate when, as here, an agency seeks voluntary remand and the district court has not yet considered the merits of the case.[18]

---

[15] *SKF USA*, 254 F.3d at 1029.

[16] *Pollinator Stewardship Council v. U.S. E.P.A.*, 806 F.3d 520, 532 (9th Cir. 2015) (quoting *Cal. Cmtys. Against Toxics*, 688 F.3d at 994).

[17] *Id.* (quoting *Cal. Cmtys. Against Toxics*, 688 F.3d at 992); *see also Allied-Signal, Inc. v. U.S. Nuclear Regul. Comm'n*, 988 F.2d 146, 150–51 (D.C. Cir. 1993).

[18] *See In re Clean Water Act Rulemaking*, --- F. Supp. 3d ---, Case Nos. C 20-04636, C 20-04869, C 20-06137, 2021 WL 4924844, at *4 (N.D. Cal. Oct. 21, 2021), *appeal filed*, Case No. 21-16961 (9th Cir. Nov. 22, 2021), *stay granted*, *Louisiana v. Am. Rivers*, 142 S. Ct. 1347, 1347 (2022) ("Contrasting policy implications have led to a split in authority regarding whether a court may order vacatur without first reaching a determination on the merits of the agency's action. . . . Our court of appeals has not had the opportunity to address this question directly . . . ." (citations omitted)); *see also, e.g.*, *Nat'l Fam. Farm Coal. v. U.S. Env't Prot. Agency*, 960 F.3d 1120, 1144 (9th Cir. 2020) (considering vacatur only after holding that EPA decision required remand because it was not supported by substantial evidence); *Pollinator Stewardship Council*, 806 F.3d at 532 (same).

Case No. 3:20-cv-00209-SLG, *Alaska Wildlife Alliance, et al. v. Haaland, et al.*
Order re: Motion to Remand
Page 4 of 9
Case 3:20-cv-00209-SLG   Document 80   Filed 05/17/22   Page 4 of 9

## DISCUSSION

Defendants request that the Court remand the challenged 2020 rule without vacatur "in order to avoid disruptive consequences and conserve judicial resources."[19] They state that NPS is currently revisiting the 2020 rule with a focus on "issues at the core of this litigation" and "anticipates publishing [a proposed revisionary rule] in the Federal Register by October, followed by a final rule in 2023."[20] While they acknowledge that NPS "cannot predict the outcome of a rulemaking process," they note that the agency "presently anticipates that its forthcoming proposed rule 'will propose at least significantly revising the 2020 rule.'"[21] Thus, Defendants contend, remand without vacatur would promote judicial efficiency by allowing NPS to resolve disputed issues administratively and would "conserve judicial resources that would otherwise be wasted on litigation that is likely to become prudentially unripe or moot."[22] Intervenor-Defendants support remand without vacatur if the Court is of the view that Defendants will "complete their promised rulemaking in a reasonable time"; otherwise, they assert that the Court should deny the remand motion.[23]

---

[19] Docket 64 at 6.

[20] Docket 64 at 6–7.

[21] Docket 64 at 7 (quoting Docket 64-1 at 2, ¶ 3 (Estenoz Decl.)).

[22] Docket 64 at 12–13.

[23] Docket 72 at 2–3.

Case No. 3:20-cv-00209-SLG, *Alaska Wildlife Alliance, et al. v. Haaland, et al.*
Order re: Motion to Remand
Page 5 of 9
Case 3:20-cv-00209-SLG   Document 80   Filed 05/17/22   Page 5 of 9

Plaintiffs maintain that "voluntary remand is only appropriate if accompanied by vacatur because (1) the 2020 Rule is substantively flawed, and (2) leaving it in place would cause ongoing environmental and public safety harms."[24] In the alternative, Plaintiffs assert that if the Court does not impose vacatur, it should "deny the Service's remand motion in its entirety and proceed to the merits of the case" because remand without vacatur would be highly prejudicial.[25] They point to two sources of prejudice: (1) "delay could preclude the Alliance's ability to seek judicial review of its claim if the agency does not ultimately adopt a new rule before the statute of limitations runs out" and (2) "the Alliance and its members would still be subject to a rule that harms their interests for at least two more years."[26]

As a threshold matter, the parties dispute whether the Court has the authority to remand with vacatur absent a merits determination. Plaintiffs maintain that "[r]emand *with* vacatur is the normal remedy in the Ninth Circuit," even when the court does not reach the merits.[27] Thus, they contend that the Court should apply the *Allied-Signal* test and "weigh[] the seriousness of [NPS]'s errors against

---

[24] Docket 71 at 6.

[25] Docket 71 at 17–18.

[26] Docket 71 at 18; *see also* Docket 71 at 5 ("During this time, the 2020 Rule would continue to harm the Alliance and its members' environmental, scientific, recreational, aesthetic, spiritual and other interests, such as viewing wildlife, including predators; observing natural wildlife behavior; safely recreating; and exploring undisturbed ecosystems.").

[27] Docket 71 at 6.

Case No. 3:20-cv-00209-SLG, *Alaska Wildlife Alliance, et al. v. Haaland, et al.*
Order re: Motion to Remand
Page 6 of 9
Case 3:20-cv-00209-SLG   Document 80   Filed 05/17/22   Page 6 of 9

'the disruptive consequences of an interim change that may itself be changed.'"[28] Plaintiffs suggest that Defendants fail to meet their burden under both prongs of this test.[29]

Defendants and Intervenor-Defendants, by contrast, contend that the Court lacks the authority to order vacatur without first reaching the merits[30] and maintain that the *Allied-Signal* test "only applies when the reviewing court has found the agency decision unlawful."[31] They assert that declining pre-merits vacatur "respects the APA's constraints" because agencies could otherwise bypass notice-and-comment rulemaking when repealing a rule.[32] Further, they note that the Supreme Court recently stayed the district court's decision to vacate without reaching the merits in *In re Clean Water Act Rulemaking*, a Northern District of California case that Plaintiffs cite in support of vacatur.[33] In that case, the district court acknowledged a "split in authority regarding whether a court may order vacatur without first reaching a determination on the merits of the agency's action," but ultimately concluded that the Ninth Circuit's holding "that even a flawed rule need not be vacated supports the corollary proposition that a flaw need not be

---

[28] Docket 71 at 7–8 (quoting *Cal. Cmtys. Against Toxics*, 688 F.3d at 992).

[29] *See* Docket 71 at 9–17.

[30] Docket 64 at 15–16; Docket 72 at 5–14; Docket 74 at 2–4.

[31] Docket 72 at 8.

[32] Docket 74 at 4; *see also* Docket 72 at 12 n.10.

[33] Docket 72 at 8–9; Docket 74 at 2–4.

Case No. 3:20-cv-00209-SLG, *Alaska Wildlife Alliance, et al. v. Haaland, et al.*
Order re: Motion to Remand
Page 7 of 9
Case 3:20-cv-00209-SLG   Document 80   Filed 05/17/22   Page 7 of 9

conclusively established to vacate a rule."[34] In *Louisiana v. American Rivers*, the Supreme Court stayed the district court's order "insofar as it vacates the current certification rule," pending disposition of the appeal in the Ninth Circuit and a timely petition for a writ of certiorari, if sought.[35]

Given the Supreme Court's recent stay order and the dearth of Ninth Circuit authority on the matter, the Court is not persuaded that it has the authority to vacate the challenged agency action absent a merits determination. Further, the Court finds that remand without vacatur is not appropriate at this juncture. First, because vacatur is not an option, remand would entail leaving the 2020 rule in place for at least a year and a half longer, which would be unduly prejudicial to Plaintiffs' interests.[36] Second, it remains to be seen whether the proposed revisionary rule will significantly alter the 2020 rule. Particularly because Intervenor-Defendants are poised to submit their merits briefing defending the 2020 rule this week, the Court finds that judicial economy favors moving forward with consideration of the merits at least until June 15, when the Court will have a better picture of the extent to which the proposed rule could render Plaintiffs' claims

---

[34] *In re Clean Water Act Rulemaking*, 2021 WL 4924844, at *4.

[35] *Louisiana v. Am. Rivers*, 142 S. Ct. 1347, 1347 (2022).

[36] The Court is unpersuaded by Federal Defendants' assertion that Plaintiffs will not be prejudiced during the remand because "NPS retains its closure authority to address any intervening overharvest or safety concerns about the effects of state-authorized hunting practices on a case-by-case basis." Docket 64 at 19. A highly discretionary, case-by-case process is inadequate to ensure that Plaintiffs' interests are not harmed by the 2020 rule.

Case No. 3:20-cv-00209-SLG, *Alaska Wildlife Alliance, et al. v. Haaland, et al.*
Order re: Motion to Remand
Page 8 of 9
Case 3:20-cv-00209-SLG   Document 80   Filed 05/17/22   Page 8 of 9

prudentially unripe. At that point, Defendants may renew their motion for remand or seek other relief as warranted.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Remand at Docket 64 is DENIED without prejudice.

DATED this 17th day of May, 2022, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00209-SLG, *Alaska Wildlife Alliance, et al. v. Haaland, et al.*
Order re: Motion to Remand
Page 9 of 9
Case 3:20-cv-00209-SLG   Document 80   Filed 05/17/22   Page 9 of 9